IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **MICHELE COPELAND,** | ) |
| Plaintiff, | ) CASE NO. 2:18-cv-976 |
| v. | ) JURY TRIAL REQUESTED |
| **CORIZON LLC,** | ) |
| Defendant. | ) |

## COMPLAINT

**COMES NOW** the Plaintiff, Michele Copeland, by and through her undersigned counsel of record, and hereby doth complain against the above-named Defendant, as set forth herein-below.

### I. JURISDICTION & VENUE

1.  Plaintiff Michele Copeland files this Complaint, institutes these proceedings, and invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. §§ 1331 and 1334 (a)(4), as an action arising under the Act of Congress known as the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 et. seq. and the Americans with Disabilities Act ("ADA")(Pub. L. No. 101-336), to obtain equitable relief, the costs of suit, including reasonable attorneys' fees, and damages suffered by the Plaintiff, due to the Defendant's discrimination against Plaintiff.

2.  Plaintiff Copeland filed a charge of disability discrimination with the EEOC in Birmingham, Alabama on December 29, 2017. Plaintiff received a right-to-sue letter on September 4, 2018, giving Plaintiff the right to pursue this claim in federal court for 90 days after said receipt. (Exhibit A).

1

3. Venue is proper in the Northern Division of the Middle District of Alabama, since the alleged discriminating action of Defendant occurred in Elmore County, Alabama.

## II. PARTIES

4. The named Plaintiff, Michele Copeland (hereinafter "Plaintiff" or "Ms. Copeland") is a citizen of the United States and a resident of Montgomery, Alabama. Plaintiff is over the age of nineteen years.

5. The Defendant, Corizon LLC (hereinafter "Defendant" or "Corizon"), is a business operating under the laws of the State of Alabama. At all times relevant to this complaint, Plaintiff was employed, and continues to be employed, by Defendant, but performed most of her work for the needs of the Alabama Department of Corrections ("ADOC").

## III. STATEMENT OF FACTS

6. Ms. Copeland is a forty-five-year-old female of African-American descent. Ms. Copeland is of sound mind and body, except for some minor disabilities that have been largely taken care of, and do not affect her ability to perform the necessary duties and functions of her job.

7. On or about November 1, 2007, Ms. Copeland began working for Corizon Health Services, a private contractor that provides medical services to state correctional inmates, as the DOC's Health Services Administrator ("HSA"). As HSA, Ms. Copeland managed approximately forty-three (43) employees and was the chief administrative manager of the on-site department. Ms. Copeland avers that she performed her job well.

8. Notwithstanding, Ms. Copeland is a 50% disabled veteran because of her service in the U.S. Army, when she injured her right ankle and left knee. Nonetheless, Ms. Copeland has been able to well perform the necessary functions and duties of her job.

9. While she served as Administrator, Ms. Copeland reported to Regional Director Peggy Minyard. Ms. Minyard frequently made comments about Ms. Copeland's disabilities, including the number of surgeries she (Copeland) has had, even though these disabilities did not interfere with Ms. Copeland's work in any way.

10. In February 2017, Ms. Copeland developed a pain in her left wrist, which was later diagnosed as a torn ligament. Ms. Copeland had surgery on her wrist on or about April 21, 2017, requiring her to be out of work for five (5) days. Ms. Copeland had a second surgery on or about June 23, 2017, which required her to be out of work for two (2) months.

11. Ms. Copeland avers that she applied for, and received, FMLA leave for both the April 2017 and June 2017 surgeries.

12. On or about August 29, 2017, while Ms. Copeland was out of work on FMLA leave, she received a Performance Improvement Plan (PIP). Ms. Copeland avers the PIP was a form of disciplinary action that indicated Corizon management was looking for a way to get rid of her.

13. On or about November 29, 2017, Ms. Copeland was terminated from her position at Corizon. Corizon avers it terminated Ms. Copeland because she had failed to follow the PIP issued to her in August 2017.

14. Ms. Copeland avers she attempted to follow the steps outlined in the PIP. However, Ms. Copeland maintains there are certain inherent difficulties for her job, namely that the Alabama Department of Corrections ("ADOC") continually failed to provide adequate resources and security for Corizon employees at the four (4) prisons Ms. Copeland managed. Ms. Copeland avers she brought this issue to the attention of both Corizon and DOC management, but received very little response or help. Nonetheless, Ms. Copeland did meet the goals outlined in the PIP.

15. In addition, because ADOC failed to provide necessary security, there were issues with inmates being combative with Corizon employees. This was especially troubling when weapons were found on inmates during medical exams. Ms. Copeland also requested addition assistance from the Corizon Regional office on several occasions, but she never received any additional assistance.

16. Ms. Copeland avers that any short-comings as a result of the PIP were due to lack of ADOC cooperation and/or ADOC interference with maintaining high standards.

17. Ms. Copeland further avers that Corizon's proffered reason for her termination is pretextual, and that she was instead terminated in part because of her disabilities, in violation of the Americans with Disabilities Act, and in retaliation for taking FMLA leave, to which she was entitled.

18. As a result of this illegal termination, Ms. Copeland has lost valuable income and benefits and incurred costs, including an attorney's fee, to pursue this matter. Ms. Copeland further avers that she has suffered mental and emotional distress.

## IV. PLAINTIFF'S FIRST CAUSE OF ACTION

## FMLA RETALIATION

19. Plaintiff repeats, realleges, and incorporates by reference each and every allegation contained in paragraphs 1 through 18, inclusively.

21. Plaintiff avers that Defendant qualifies as an "employer" as that term is defined in the FMLA, 29 U.S.C. Section 2611(4), and that Plaintiff is an "eligible employee," as that term is defined in the FMLA, 29 U.S.C. Section 2611(2).

22. Plaintiff avers that there was an "entitlement to leave" as defined in the FMLA, 29 U.S.C. Section 2612(1), because of the seriousness of her health condition, which was well known by the Defendant..

23. In a retaliatory move, Defendant terminated Plaintiff after Plaintiff returned from being out of work on FMLA leave.

25. As a result of Defendant's retaliation against Plaintiff lost her job and has incurred a loss of wages and benefits.

## **PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that this Court grant the following relief:

a) Judgment declaring that Defendant retaliated against Plaintiff for having exercised an FMLA right;

b) An award of compensatory damages to which Plaintiff may be entitled;

c) An award of all court costs and reasonable attorneys' fees; and

d) Such further, other and different relief as the Court may deem appropriate and necessary.

## V. PLAINTIFF'S SECOND CAUSE OF ACTION

## DISABILITY DISCRIMINATION

26. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 18 above, the same as if more fully set forth herein and further avers that the Defendant's discrimination against her, due to her disability, or an incorrect perception by Defendant of a disability on the part of Plaintiff, violated the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., prohibiting handicap discrimination.

27. Plaintiff has lost wages and benefits, and suffered extreme mental anguish as a result of Defendant's discrimination against her, due to Plaintiff's disability and/or Defendant's incorrect perception of a disability on the part of the Plaintiff.

28. Plaintiff avers that she has pursued and exhausted his administrative remedies.

## **PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that this Court grant the following relief:

a) Judgment declaring Plaintiff was discriminated against by the Defendant, due to her disability, or the incorrect perception by the Defendant that Plaintiff was disabled;

b) An award of all court costs and reasonable attorneys' fees, including those incurred for seeking administrative relief;

c) An award of compensatory damages, including for mental anguish, to which Plaintiff may be entitled;

d) An award of punitive damages; and

e) Such further, other and different relief as the Court may deem appropriate and necessary.

Respectfully submitted this 16th day of November 2018.

Michele Copeland, Plaintiff

_____
Julian McPhillips (ASB-3744-L74J)
**McPhillips Shinbaum, LLP**
516 South Perry Street
Montgomery, AL 36104
Telephone: (334) 262-1911
Facsimile: (334)263-2321
Julianmcphillips@msg-lawfirm.com
*Counsel for Plaintiff*

_____
K. David Sawyer - Of Counsel
**McPhillips Shinbaum, LLP**
516 South Perry Street
Montgomery, AL 36104
Telephone: (334) 262-1911
Facsimile: (334)263-2321
Kdsawyer64@outlook.com
*Counsel for Plaintiff*

### JURY DEMAND

Plaintiff hereby requests trial by jury on all issues so triable.

_____
OF COUNSEL

7